**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAVID RICHARD HALLIBURTON, II,     )<br>                                    )<br>         Petitioner,               )<br>                                    )<br>    v.                              )<br>                                    )<br>IVAN BARTOS and                     )<br>ARIZONA ATTORNEY GENERAL,           )<br>                                    )<br>         Respondents.              )<br>_____)  | CV 05-1988 PHX MHM (MEA)<br><br><br><br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE MARY H. MURGUIA:**

On July 5, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on November 14, 2005.  Docket No. 7. Respondents assert that the action for habeas relief was not timely filed and that Petitioner's federal habeas claims were not properly exhausted in the Arizona state courts and are procedurally defaulted and, therefore, that the petition must be denied and dismissed with prejudice.  Petitioner filed a traverse (Docket No. 9) to the answer to his habeas petition on January 3, 2006.  On May 4, 2006, this matter was reassigned due to the retirement of the Honorable Morton Sitver.

**I Procedural History**

In March of 2001, Petitioner was charged by indictment with two counts of forgery, one count of criminal possession of a forgery device, and one count of attempted fraudulent schemes and artifices. See Answer, Exh. A. On July 18, 2001, Petitioner entered into a plea agreement, pursuant to which he pled guilty to the charge of attempted fraudulent schemes and artifices, a class 3 felony, with the stipulation that his sentence would reflect one prior felony conviction. Id., Exh. D. The plea agreement also stipulated Petitioner actually had five prior felony convictions. Id., Exh. D. On August 31, 2001, Petitioner was sentenced to an aggravated term of 10 years imprisonment pursuant to his conviction for attempted fraudulent schemes and artifices. Id., Exhs. G & H.

Petitioner did not take a direct appeal of his conviction and sentence. On September 17, 2001, Petitioner filed a notice of post-conviction relief in the state trial court pursuant to Rule 32, Arizona Rules of Criminal Procedure.[1] Id., Exh. I. Petitioner was appointed counsel to represent him in his Rule 32 proceedings. Id., Exh. J. Petitioner's appointed counsel filed a pleading on February 15, 2001, averring she could find no colorable claim to raise on Petitioner's behalf. Id., Exh. K.

Petitioner filed a *pro se* petition for post-conviction relief in the Arizona Superior Court on March 27, 2002. Id.,

---

[1] The Notice of Post-Conviction Relief is signed August 31, 2001.

-2-

Exh. L.  Petitioner asserted he had been denied his right to the effective assistance of counsel in his plea proceedings and that his plea was coerced.  Id., Exh. L.  Petitioner also argued he had no notice of the charges against him, in violation of his Sixth Amendment rights.  Id., Exh. L.  Petitioner further alleged he was denied his right to a jury trial with regard to the stipulated prior felony conviction which was used as a basis for enhancing his sentence, in violation of the doctrine stated in Apprendi v. New Jersey.  Id., Exh. L.

The trial court dismissed Petitioner's Rule 32 action in a summary decision issued June 4, 2002.  Id., Exh. M. Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review in a decision issued July 25, 2003.  Id., Exh. N.  Petitioner contends he sought review of the Court of Appeals' decision by the Arizona Supreme Court, asserting he "did mail out petition for review on 8-6-2003 to Arizona Supreme Court..."  Docket No. 11 (affidavit in support of motion to compel production of Arizona Department of Corrections records, filed January 19, 2005).  However, Petitioner claims he actually

> mailed out petition for review on 8-6-2003 to a friend Fred Cleere to have copied and mailed to the courts, because I did not have the moneys (sic) to do it.... Almost one year past (sic) before I knew he never [received] the motion and I attempted to track the lost mail through Douglas Mohave legal mail and all they would say is yes they mailed it out on 08-06-2003.

Id.  Respondents aver: "Petitioner claims to have petitioned for review to the Arizona Supreme Court, [however,] no such petition

-3-

appears in the record." Answer at 3.

On August 7, 2004, more than one year after the Arizona Court of Appeals denied review of the dismissal of his first Rule 32 petition, Petitioner filed a "Motion to Stipulate to Presumptive Sentence" in the Arizona trial court. Id., Exh. O. Petitioner argued he was entitled to relief based on the United States Supreme Court's decision in Blakely v. Washington. Id., Exh. O. The state trial court construed the motion as a notice of post-conviction relief. Id., Exh. P. The Arizona trial court dismissed the action on September 9, 2004, concluding the petition for relief was not timely filed and that the action did not meet any listed exception to the Arizona rule regarding timely filing of an action for post-conviction relief. Id., Exh. P. Petitioner sought review of this decision by the Arizona Court of Appeals in a pleading filed February 15, 2005. Id., Exh. Q. On March 3, 2005, the Arizona Court of Appeals dismissed the petition for review as not timely filed, i.e., not filed within 30 days of the trial court's decision dismissing the notice of post-conviction relief. Id., Exh. Q.

Petitioner also filed a third action for post-conviction relief in the state trial court on February 15, 2005. Id., Exh. R. The state trial court dismissed the action on March 31, 2005, concluding the issues raised had previously been adjudicated. Id., Exh. R. Petitioner sought review of this decision by the Arizona Court of Appeals, which declined to accept the petition for review as untimely filed on May 17, 2005. Id., Exh. S.

Petitioner asserts he is entitled to federal habeas relief because: (1) he was denied the effective assistance of counsel in his plea proceedings; (2) the trial court's use of prior felonies to enhance his sentence violated his rights pursuant to Apprendi v. New Jersey; (3) his post-conviction counsel was ineffective for not challenging his sentence; (4) the Arizona courts erred by dismissing his second action for post-conviction relief which asserted a Blakely claim. Respondents argue the petition must be dismissed because it was not timely filed and also contend that Petitioner's third and fourth claims for relief were procedurally defaulted and may not be considered on the merits.

**II Analysis**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The federal habeas petition "must be filed within one year of the latest of the date on which ... the judgment became final after the conclusion of direct review or the time passed for seeking direct review ..." 28 U.S.C. § 2244(d)(1) (1994 & Supp. 2005). The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review

-5-

1  with respect to the pertinent judgment or claim is pending" in
2  any state court.  Id. § 2244(d)(2); see also Calderon v. United
3  States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir.
4  1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d
5  530 (9th Cir. 1998) (en banc).

6        Petitioner's conviction became final on August 31,
7  2001, the date judgment was entered and he was sentenced.  See
8  Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir.
9  2004) ("The facts are not complex.  Isley entered a no contest
10 plea and was sentenced August 19, 1998.  His conviction was then
11 final... "); Mares v. Schriro, 2006 WL 898164, at *3 (D. Ariz.).[2]
12 The AEDPA's one-year statute of limitations ran against
13 Petitioner for approximately two weeks, from September 1, 2001,
14 until September 17, 2001, when he initiated a timely state
15 action for post-conviction relief which tolled the statute of
16 limitations.[3]

17       The Arizona trial court dismissed Petitioner's Rule 32
18 action in a summary decision issued June 4, 2002.  Petitioner
19 sought review of this decision by the Arizona Court of Appeals,
20 which denied review in a decision issued July 25, 2003.  The

---

[2] The Court notes the Arizona Superior Court stated Petitioner's conviction became final, for purposes of applicability of Blakely to Petitioner's sentence, on August 4, 2003, when the Arizona Court of Appeals issued its decision denying the "Rule 32 of-right proceeding."  Answer, Exh. P.

[3] The petition is not timely filed even if the Court does not include in the calculation the two weeks between the date Petitioner's conviction became final, August 31, 2001, which is the date he signed his notice of post-conviction relief, and the date the notice of post-conviction relief was filed by the Arizona Superior Court, September 17, 2001.

1  statute of limitations was further tolled until August 26, 2003,
2  when the time expired for seeking review of the Arizona Court of
3  Appeals' decision by the Arizona Supreme Court.  Compare
4  Delhomme v. Ramirez, 340 F.3d 817, 820-21 n. 3 (9th Cir. 2003),
5  with Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004);
6  Jones v. Nagle, 349 F.3d 1305, 1308 (11th Cir. 2003); Williams
7  v. Bruton, 299 F.3d 981, 983-84 (8th Cir. 2002); Swartz v.
8  Meyers, 204 F.3d 417, 421 (3d Cir. 2000).

9  The statute of limitations on Petitioner's action for
10 federal habeas relief then ran against Petitioner from August
11 27, 2003, and expired on August 9, 2004, approximately eleven
12 months and two weeks later, unless tolled by another properly
13 filed action for state post-conviction relief.  The statute of
14 limitations on Petitioner's federal habeas action, therefore,
15 expired on or about August 9, 2004.

16 The statute of limitations was not tolled during the
17 pendency of Petitioner's second action for post-conviction
18 relief, filed August 7, 2004, because the Arizona trial court
19 concluded the petition for relief was not timely filed.  See
20 Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1811-12
21 (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005).
22 Because the second action for state post-conviction relief was
23 not timely filed in accordance with the governing state rule, it
24 was not a "properly filed" application for state post-conviction
25 relief which would have tolled the statute of limitations.  See
26 Bonner, 425 F.3d at 1148; Johnson v. Schriro, 401 F. Supp. 2d
27 1013, 1017 (D. Ariz. 2005).

28

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002); Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). Equitable tolling is only appropriate when "extraordinary" or external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir. 2000) (internal quotations and citations omitted). To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). See also Lott, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for time period that the petitioner was denied access to his legal files

-8-

while being transferred).

Petitioner has not established there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition.  In reply to Respondents' answer to his petition, Petitioner contends that he "did mail motion to supreme court on 08-06-2003, which was lost in mail due to DOC. []Petitioner did not have knowledge of this for over a year by which time it was to late to file again." Docket No. 9.  As noted supra, Petitioner averred in a separate pleading that he mailed a pleading appealing the Arizona Court of Appeals' decision to the Arizona Supreme Court to a friend, who was to file the appeal for him.  However, Petitioner provides no evidence, such as a copy of a pleading, indicating he did appeal the relevant decision to the Arizona Supreme Court, thereby tolling the statute of limitations.  Petitioner offers no explanation why he did not inquire as to the status of his action for relief when he received no confirmation of an appeal for over one year.  Petitioner further contends he is not learned in the law, and asks the Court to "understand the many problems and extraordinary circumstances that have happen[ed] in this case due to limitations of legal library access and ... Petitioner's lack of legal knowledge ...".  Id.

Petitioner has not met his burden of establishing there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action.  See Pace, 125 S. Ct.

at 1815 (concluding the petitioner was not entitled to equitable tolling because he was misled or confused about the timing of exhausting his state remedies and filing his federal habeas petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."), cert. denied, 126 S. Ct. 1333 (2006); Miranda, 292 F.3d at 1068 (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling). Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied, 126 S. Ct. 1333 (2006); Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th Cir. 2002); Faught v. Butler, 135 Fed. App. 92, 93 (9th Cir. 2005).

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action.

**IT IS THEREFORE RECOMMENDED** that Mr. Halliburton's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

-10-

Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 10th day of May, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-11-