IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Richard Halliburton, II, ) | No. CIV 05-1988-PHX-MHM (MEA) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Ivan Bartos and Arizona Attorney General,) | |
| ) | |
| Respondents. ) | |
| ) | |

 Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Dkt.# 1). The matter was referred to Magistrate Judge Mark E. Aspey who has issued a Report and Recommendation that recommends that the Petition be denied as untimely. (Dkt.#7). Petitioner has not filed an objection to the Report and Recommendation.

**STANDARD OF REVIEW**

 The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. On July 18, 2001 Petitioner entered into a plea agreement in Arizona Superior Court to which he plead guilty to the charges of attempted fraudulent schemes and artifices, a class 3 felony. Petitioner was sentenced to a term of 10 years of imprisonment on August 31, 2001. (Respondents' Answer, Exhibit G & H).

On September 17, 2001 Petitioner filed a notice of post-conviction relief in the state trial court pursuant to Rule 32, Arizona Rules of Criminal Procedure. (Id., Exhibit I). Petitioner filed his pro se petition for post-conviction relief in the Arizona Superior Court on March 27, 2002. (Id., Exhibit L). The trial court dismissed Petitioner's Rule 32 action on June 4, 2002. (Id., Exhibit M). Petitioner sought review to the Arizona Court of Appeals which denied review on July 25, 2003. (Id., Exhibit N). Petitioner claims to have sought review to the Arizona Supreme Court; however, no such petition was filed. Specifically, Petitioner claims that the petition to the Arizona Supreme Court was mailed to a friend to file but somehow the petition was lost. (Dkt.#11, Petitioner's Affidavit in Support of Motion to Compel). On August 7, 2004, Petitioner filed a "Motion to Stipulate to Presumptive Sentence" in the Arizona trial court. (Respondents' Answer, Exhibit O). The trial court construed the motion as a notice of post-conviction relief. (Id., Exhibit P). The Arizona trial court dismissed the action as untimely on September 9, 2004. (Id). The Arizona Court of Appeals denied Petitioner's request for review on March 3, 2005. (Id., Exhibit Q). On February 15, 2005, Petitioner filed a third action for post-conviction relief in the trial court. (Id., Exhibit R). The trial court dismissed the action on March 31, 2005. (Id). The Arizona Court of Appeals declined to accept review as untimely on May 17, 2005. (Id., Exhibit S).

Based upon the time line referenced above the Magistrate Judge recommends that Petitioner's habeas corpus petition before this Court be denied as untimely pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). Specifically, pursuant to § 2244(d)(1) a federal habeas petition "must be filed within one year

1  of the latest of the date on which ... the judgment became final after the conclusion of direct
2  review or the time passed for seeking direct review..." The running of this one-year statute
3  of limitations is tolled during any period when "a properly filed application for state post-
4  conviction or other collateral review with respect to the pertinent judgment or claim is
5  pending" in any state court. Id. § 2244(d)(2). Petitioner's conviction became final on August
6  31, 2001, the date the judgment was entered and he was sentenced. The limitations period ran
7  for approximately two weeks, from September 1, 2001 until September 17, 2001, the date
8  Petitioner filed his post-conviction relief proceedings in the trial court. The limitations period
9  commenced again on August 26, 2003, 30 days subsequent to the Arizona Court of Appeals
10 decision denying review of the trial court's decision. See Ariz.R.Crim.P 31.19 (providing a
11 30-day grace period to petition for review after the filing of decision). The limitations period
12 then expired on August 9, 2004, approximately eleven months and two weeks later, as
13 Petitioner did not have a properly filed application for state post-conviction or other collateral
14 review pending. Petitioner's second action for post-conviction relief filed on August 7, 2004
15 did not toll the applicable limitation period because the Arizona trial court concluded the
16 petition was not timely filed. See Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)
17 (noting that a "properly filed" state court petition is one that is in compliance with the
18 applicable laws and rules governing filings in state court).

19       Lastly, the Court finds itself in agreement with the Magistrate Judge that Plaintiff's
20 untimely habeas corpus petition is not saved by the doctrine of equitable tolling. Equitable
21 tolling is only appropriate when "extraordinary" or external forces, rather than a petitioner's
22 lack of diligence, account for the failure to file a timely petition. See Miles v. Prunty, 187
23 F.3d 1104, 1107 (9th Cir. 1999). No such circumstances exist in this case.

24       Thus, as neither party has filed objections to the Magistrate Judge's Report and
25 Recommendation, it is adopted by the Court.

26 / / /

27

28

- 3 -

1 **Accordingly,**

2 **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
3 Recommendation in its entirety as the Order of the Court. (Dkt.#13).

4 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
5 and dismissed with prejudice. (Dkt.#1).

6 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
7 accordingly.

8 DATED this 25th day of August, 2006.

_____
Mary H. Murguia
United States District Judge

- 4 -